People ex rel. Obedin v Franchi (2025 NY Slip Op 03758)

People ex rel. Obedin v Franchi

2025 NY Slip Op 03758

Decided on June 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2025-06876

[*1]The People of the State of New York, ex rel. Glenn Obedin, on behalf of Bunice J. Knight, petitioner,
v
Michael Franchi, etc., respondent.

Glenn Obedin, Central Islip, NY, petitioner pro se.
Raymond A. Tierney, District Attorney, Riverhead, NY (Zachary Kelly and Danielle Sciarretta of counsel), for respondent.

DECISION & ORDER
On the Court's own motion, it is
ORDERED that the decision, order and judgment of this Court dated June 17, 2025, is recalled and vacated, and the following decision, order and judgment is substituted therefor:
Writ of habeas corpus in the nature of an application to release Bunice J. Knight upon his own recognizance or, in the alternative, to set reasonable bail upon Suffolk County Indictment No. 70865/2025.
ADJUDGED that the writ is sustained, without costs or disbursements, to the extent that bail upon Suffolk County Indictment No. 70865/2025 is set in the sum of $500,000 posted in the form of an insurance company bail bond, the sum of $2,500,000 posted in the form of a partially secured bond, with the requirement of 10% down, or the sum of $250,000 deposited as a cash bail alternative, on condition that, in addition to posting a bond or depositing the cash alternative set forth above, Bunice J. Knight shall (1) wear an electronic monitoring bracelet, with monitoring services to be provided by a qualified entity pursuant to CPL 510.40(4)(c), and any violations of the conditions set forth herein relating to the electronic monitoring shall be reported by the electronic monitoring service provider to the Office of the District Attorney of Suffolk County, and further proceedings pursuant to CPL 510.40(4)(d), if any, shall be conducted in the criminal court in Suffolk County; (2) remain within and shall not travel beyond the geographical limits of Suffolk County; (3) surrender all passports, if any, he may have to the Office of the District Attorney of Suffolk County, or, if he does not possess a passport, he shall provide to the Office of the District Attorney of Suffolk County an affidavit or affirmation, in a form approved by the Office of the District Attorney of Suffolk County, in which he attests that he does not possess a passport, and shall not apply for any new or replacement passports; and (4) provide to the Office of the District Attorney of Suffolk County an affidavit or affirmation, in a form approved by the Office of the District Attorney of Suffolk County, in which he attests that if he leaves the jurisdiction he agrees to waive the right to oppose extradition from any foreign jurisdiction; and it is further,
ORDERED that upon receipt of a copy of this decision, order and judgment together with proof that Bunice J. Knight (1) has given an insurance company bail bond in the sum of $500,000, has given a partially secured bond in the sum of $2,500,000, with the requirement of 10% [*2]down, or has deposited the sum of $250,000 as a cash bail alternative; (2) has arranged for electronic monitoring with a qualified entity pursuant to CPL 510.40(4)(c); (3) has surrendered all passports, if any, he may have to the Office of the District Attorney of Suffolk County, or, if he does not possess a passport, has provided to the Office of the District Attorney of Suffolk County an affidavit or affirmation, in a form approved by the Office of the District Attorney of Suffolk County, in which he attests that he does not possess a passport, and shall not apply for any new or replacement passports; and (4) has provided to the Office of the District Attorney of Suffolk County an affidavit or affirmation, in a form approved by the Office of the District Attorney of Suffolk County, in which he attests that if he leaves the jurisdiction he agrees to waive the right to oppose extradition from any foreign jurisdiction, the Warden of the facility at which Bunice J. Knight is incarcerated, or his or her agent, is directed to immediately release Bunice J. Knight from incarceration.
DUFFY, J.P., MILLER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court